IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY ) Civil Action No. 03-73825
COMMISSION, )
)
Plaintiff, )
)
v. ) Honorable
)
) **COMPLAINT**
IBP FOODS, INC. / TYSON FOODS ) **JURY TRIAL DEMAND**
)
Defendant. ) NANCY G. EDMUNDS
) JUDGE DONALD A. SCHEER
MAGISTRATE

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party, Gerald Coppins ("Coppins") who was adversely affected by such practices. As alleged with greater particularity in paragraph 8, the Commission alleges that the Defendant, IBP Foods, Inc. / Tyson Foods ("IBP" or "Employer"), unlawfully discharged Coppins from his forklift operator position at its Detroit, Michigan facility when it found out that he had been honorably discharged from the military due to a back impairment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C.

§1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1) and (3).

4. At all relevant times, the Defendant Employer has been doing business in the State of Michigan and the City of Detroit, and has continuously had at least fifteen (15) employees.

5. At all relevant times the Defendant Employer has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C. § 12117(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, the Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party, Gerald Coppins filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8. Since at least December 23, 2001, Defendant Employer has engaged in unlawful employment practices at its Detroit, Michigan facility in violation of ADA Section 102(a) and 42 U.S.C. §12112(a). These practices include, but are not limited to, Defendant Employer's unlawful termination of Coppins' employment because of a perceived disabilty.

9. Coppins was/is a qualified individual with a disability who was/is able to perform the essential functions of the forklift operator position with or without reasonable accommodation.

10. The effect of the unlawful practices complained of in paragraph 8 has been to deprive Coppins of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

11. The above-mentioned, unlawful employment practices were intentional.

12. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Coppins.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Employer to make whole Coppins by providing him with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial,

and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant Employer to make whole Coppins by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience and loss of enjoyment of life, in amounts to be determined at trial;

E. Order Defendant Employer to provide ADA training to all management and supervisory personnel who participate in personnel decision-making;

F. Order Defendant Employer to pay Coppins punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial;

G. Grant the Commission its costs in this action;

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this lawsuit.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/29/03
Date

ADELE RAPPORT (P44833)
Regional Attorney

4

ROBERT DAWKINS (P38289)
Supervisory Trial Attorney

TAMMY KLEIN (P60256)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Detroit District Office
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-6701